## Case No. 15,717.

### UNITED STATES v. MANN.

[1 Gall. 3.] [1]

Circuit Court, D. New Hampshire. May Term, 1812.

EMBARGO — HOW COGNIZABLE — IN WHAT COURT.

The exportation of goods to a foreign country, contrary to the act of 9th January, 1809, c. 72, § 1 [2 Story's Laws, 1101 (2 Stat. 506, c. 5)], is a misdemeanor, of which the circuit court has original cognizance; and it seems the prosecution may well be by information.

[Cited in U. S. v. New Bedford Bridge, Case No. 15,867; U. S. v. Maxwell, Id. 15,750; Ex parte Wilson, 114 U. S. 425, 5 Sup. Ct. 939.]

Information for a misdemeanor [against John Mann] for loading five tons of pearl ashes. &c. in a sleigh, with intent to export the same to Canada, contrary to the first section of Act 9th Jan. 1809, c. 72 (9 Laws U. S. 185 [2 Stat. 506]). Two questions were made: 1. Whether the circuit court had original jurisdiction of the offence. 2. If so, whether an information lay.

Mr. Mason, for defendant, contended that this was substantially a suit for a penalty, and that by the judicial act of 24th of September, 1789, c. 20 [1 Stat. 73], exclusive jurisdiction was given to the district court of all suits for penalties and forfeitures. If the doctrine were held otherwise in the present case, the district court would be completely ousted of its exclusive jurisdiction. For if the United States chose to proceed by way of debt for the penalty, the district court would have jurisdiction: if by information, then the circuit court would have jurisdiction in the same case. It could not be correct to contend, that the jurisdiction of the court depended altogether on the mode of prosecution.

Mr. Humphreys, U. S. Dist. Atty., contended, that although it was true, that the judicial act of 1789 gave the district court exclusive jurisdiction of suits for penalties and forfeitures, yet it was also true, that the present was not a suit for a penalty or forfeiture, but a criminal proceeding. The act had declared it a high misdemeanor; and if so, it clearly came within the cognizance of the circuit court, as that court, by the judicial act of 1789, had "cognizance of all offences cognizable under the authority of the United States." As to the second point, the mode of prosecution is founded on the 12th section of the act of 9th January, 1809, c. 72 [2 Stat. 506], which provides, that all penalties and forfeitures under that act might be recovered by an action of debt, or by information or indictment; that this language was to be construed to apply distributively, and that an information properly lay in all cases of misdemeanors.

BY THE COURT. As the act has declared the transaction to be a high misdemeanor, punishable by fine and forfeiture of quadruple the value of the merchandizes attempted to be exported, it is clearly a crime against the United States, and not a suit for a penalty. It is therefore within the jurisdiction of this court. The fine is to be assessed by the court: not found as a penalty by a jury. In U. S. v. Tyler, 7 Cranch [11 U. S.] 285, in a prosecution on this same clause, the court held that the fine and quadruple value must be assessed and adjudged by the court, and not by the jury. We incline to think that the cause is rightfully prosecuted by information; and even if we doubted, we should reserve the question until after verdict for the United States, to be argued on a motion in arrest of judgment. Continued for trial.

NOTE. This first point was again moved and fully argued at the ensuing October term in the same cause, by the permission of the court, and overruled. See [Case No. 15,718].